# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3197

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Monique Merrival,

*Defendant - Appellant*.

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: February 9, 2026
Filed: July 15, 2026

——————————

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

——————————

COLLOTON, Chief Judge.

Monique Merrival pleaded guilty to conspiracy to distribute methamphetamine. In a plea agreement, Merrival waived "all defenses and rights to appeal any non-jurisdictional issues," subject to certain exceptions. The agreement excluded from the waiver Merrival's right to appeal "any decision by the Court to depart upward pursuant to the United States Sentencing Guidelines as well as the length of sentence

for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a)." At sentencing, the district court[*] varied downward from the advisory guideline range, and imposed a term of 224 months' imprisonment. Merrival appeals the sentence, but we conclude that she waived her right to appeal the issues raised, so we dismiss the appeal.

Merrival's plea agreement included the following paragraph concerning waiver of appeal rights:

> WAIVER OF DEFENSES AND APPEAL RIGHTS: The Defendant hereby waives all defenses and rights to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the United States Sentencing Guidelines as well as the length of sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a). Claims that the Defendant's counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

At a hearing, a magistrate judge explained that the plea agreement waived some of Merrival's rights to appeal, and Merrival confirmed that she understood the scope of the waiver. The judge found that Merrival's guilty plea was knowing and voluntary and supported by an independent basis in fact. In a report and recommendation, the magistrate judge accepted the guilty plea, and the district court adopted the magistrate judge's report.

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

At sentencing, the district court applied two adjustments under the sentencing guidelines over Merrival's objection: a four-level increase for role in the offense, *see* USSG § 3B1.1(a), and a two-level increase for maintaining a premises for the purpose of distributing a controlled substance, *see* USSG § 2D1.1(b)(12). The court calculated an advisory guideline range of 262 to 327 months' imprisonment, but then varied downward to a term of 224 months so that the sentence would match the term of a co-conspirator who played a comparable role in the offense.

Merrival appeals her sentence. She contends that the district court erred by applying the adjustments under USSG § 2D1.1(b)(12) and USSG § 3B1.1. She also argues that the court erred in denying her a downward departure pursuant to USSG § 4A1.3(b) (Nov. 2024), for an overstated criminal history category. The government responds that Merrival waived her right to appeal those issues.

The right to appeal is "purely a creature of statute," *Abney v. United States*, 431 U.S. 651, 656 (1977), and a defendant may waive the right. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). We will enforce a waiver of appellate rights when the appeal falls within the scope of the waiver, the waiver was entered into knowingly and voluntarily, and enforcement of the waiver would not result in a miscarriage of justice. *Id.* at 889-90.

Merrival agrees that her waiver was knowing and voluntary. We conclude that her appeal falls within the scope of the waiver. Merrival waived "all . . . rights to appeal any non-jurisdictional issues," with limited exclusions. The agreement preserved Merrival's right to appeal a decision by the district court to depart upward under the sentencing guidelines, and to challenge the reasonableness of the length of a sentence if the court imposed an upward departure under the guidelines or an upward variance under 18 U.S.C. § 3553(a). The district court did not apply an upward departure under the guidelines, and the court sentenced Merrival below the

advisory guideline range after a downward variance. Neither exception relating an an upward variance or upward departure applies.

Merrival contends that her appeal is outside the waiver because if the district court had adopted her position on the advisory guidelines, then the sentence imposed would have represented an upward departure or variance from the guidelines. In her view, the district court erroneously calculated her guideline range, and the sentence imposed is therefore an "upward departure or variance" from a properly calculated guideline range.

The terms "upward departure" and "upward variance," however, have accepted meanings in the sentencing process. Upward departures were specified determinations under the sentencing guidelines until they were eliminated by the Sentencing Commission in November 2025. *See* USSG §§ 5K2.0-5K2.24 (Nov. 2024). An upward variance refers to a decision by the sentencing court, based on the factors in 18 U.S.C. § 3553(a), to impose a sentence above the guideline range determined by the court. *See Irizarry v. United States*, 553 U.S. 708, 715 (2008); USSG Ch. 1., Pt. A, introductory cmt. The district court in this case did not apply an upward departure or upward variance, and Merrival waived her right to appeal the district court's calculation of the guideline range. Merrival cannot narrow the scope of the waiver by recharacterizing an alleged error in the guideline calculations as an upward variance. The district court varied downward from the advisory guideline range calculated by the court, so Merrival's appeal is within the scope of the waiver.

We also conclude that enforcement of the waiver would not result in a miscarriage of justice. The miscarriage-of-justice exception to an appeal waiver is "a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Andis*, 333 F.3d at 891. The Supreme Court recently confirmed that the exception is limited to "extreme cases" that undermine "the justice system's basic integrity." *Hunter v. United States*, 146 S. Ct. 1702, 1714 (2026).

-4-

Merrival argues that the district court erroneously calculated her guideline range, and that it would therefore be a miscarriage of justice to enforce the appeal waiver. But "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver." *Andis*, 333 F.3d at 892; *see United States v. Howard*, 27 F.4th 1367, 1370 (8th Cir. 2022); *United States v. Guice*, 925 F.3d 990, 993 (8th Cir. 2019). The Supreme Court's declaration that "standard-fare errors in misapplying sentencing law cannot cancel an appeal waiver," *Hunter*, 146 S. Ct. at 1713, is consistent with our circuit precedent on challenges to the district court's guideline calculations.

Merrival also contends that the length of her sentence is unreasonable with regard to 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261 (2005). Here too, we have held that a waiver is enforceable. *Andis* specified that "[a]ny sentence imposed within the statutory range is not subject to appeal," 333 F.3d at 892, and that rule forecloses a miscarriage-of-justice exception based on a claim of substantive unreasonableness within the statutory range. *United States v. Hayes*, 174 F.4th 1092, 1101 (8th Cir. 2026); *United States v. Sisco*, 576 F.3d 791, 796 (8th Cir. 2009). This settled circuit precedent is consistent with the Supreme Court's decision in *Hunter*. *See* 146 S. Ct. at 1714 (citing *Andis*, 333 F.3d at 891).

For these reasons, Merrival's appeal is barred by her knowing and voluntary waiver, and we dismiss the appeal.

_____